# ORIGINAL

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

FILED-CLERK
U.S. DISTRICT COURT

00 AUG 25 PM 2: 23

TEXAS-EASTERN

BY _M Velven_

TONEY R. DAVIS, §
§
and §
§
CHELSA JOHNSON, INDIVIDUALLY, §
AND AS NEXT FRIEND OF JAYLON §
DARDEN, A MINOR, AND AS NEXT §
FRIEND OF TYRIAN JOHNSON, A §
MINOR, AND AS NEXT FRIEND OF §
INDIA WILLIAMS, A MINOR, §
§
and §  CAUSE NO. ___500CV237___
§
NATHAN WAYNE PIPKIN §
§
and §
§
MARION HICKS §
§
and §
§
JESSIE MITCHELL, INDIVIDUALLY, §
AND AS NEXT FRIEND OF KEZHANNE §
O. N. MITCHELL, A MINOR, AND AS §
NEXT FRIEND OF KRISTOSHYAH E. §
MITCHELL, A MINOR. AND AS NEXT §
FRIEND OF PHILLIP M. WEBB, A §
MINOR, §
§
and §
§
LARRY G. BLANKENSHIP, §
§
and §
§
JANIE MAE DUCKWORTH, §
§
and §
§
ROGER DUCKWORTH, §
§
and §

LINDA BERRY,

and

ADDIE BIDDLE, INDIVIDUALLY,
AND AS NEXT FRIEND OF EVA
THOMAS, A MINOR,

and

HORACE BIDDLE,

and

JOHN BREAKFIELD,

and

CAROLYN BROWN,

and

LAWEZLEON M. DAVIS,

and

JEAN DEDNER,

and

CLARENCE EASON,

and

SEARCY EASON,

and

LATASHA HARPER,

and

JAMES N. HUGHEY,

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

-2-

and                                                 §
                                                    §
RICKY C. HUGHEY,                                    §
                                                    §
and                                                 §
                                                    §
ROBERT LEE JOHNSON, JR.,                            §
                                                    §
and                                                 §
                                                    §
PEARLEAN KELLEY,                                    §
                                                    §
and                                                 §
                                                    §
JEFFERY P. KELLY,                                   §
                                                    §
and                                                 §
                                                    §
LOUISE KELLY,                                       §
                                                    §
and                                                 §
                                                    §
PAUL KELLY,                                         §
                                                    §
and                                                 §
                                                    §
BENJAMIN B. MONK,                                   §
                                                    §
and                                                 §
                                                    §
JACQULINE DENISE STERLING,                          §
                                                    §
and                                                 §
                                                    §
JOHN L. STEVENS,                                    §
                                                    §
and                                                 §
                                                    §
TRACY TYSON,                                        §
                                                    §
and                                                 §
                                                    §
JEARLENE WARD,                                      §
                                                    §
and                                                 §

JOHN WARD,

and

LEANN WEBB, INDIVIDUALLY,
AND AS NEXT FRIEND OF
TY-ASIA L. WEBB, A MINOR,

and

LEROY H. WEBB, JR., INDIVIDUALLY,
AND AS NEXT FRIEND OF PHILLIP
M. WEBB, A MINOR,

and

LEROY HEARON WEBB, III,

and

ROSA M. WHITE,

and

VICTOR WHITE, JR.,

and

EVA MAE WILSON,

     PLAINTIFFS,

vs.

ALUMAX, INC., ALUMAX
ALUMINUM CORPORATION,
and ALCOA, INC.,

     DEFENDANTS.

§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§

-4-

## PLAINTIFFS' COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, TONEY R. DAVIS, CHELSA JOHNSON, INDIVIDUALLY, AND AS NEXT FRIEND OF JAYLON DARDEN, A MINOR, AND AS NEXT FRIEND OF TYRIAN JOHNSON, A MINOR, AND AS NEXT FRIEND OF INDIA WILLIAMS, A MINOR, NATHAN WAYNE PIPKIN, MARION HICKS, JESSIE MITCHELL, INDIVIDUALLY, AND AS NEXT FRIEND OF KEZHANNE O. N. MITCHELL, A MINOR, AND AS NEXT FRIEND OF KRISTOSHYAH E. MITCHELL, A MINOR, AND AS NEXT FRIEND OF PHILLIP M. WEBB, A MINOR, LARRY G. BLANKENSHIP, JANIE MAE DUCKWORTH, ROGER DUCKWORTH, LINDA BERRY, ADDIE BIDDLE, INDIVIDUALLY, AND AS NEXT FRIEND OF EVA THOMAS, A MINOR, HORACE BIDDLE, JOHN BREAKFIELD, CAROLYN BROWN, LAWEZLEON M. DAVIS, JEAN DEDNER, CLARENCE EASON, SEARCY EASON, LATASHA HARPER, JAMES N. HUGHEY, RICKY C. HUGHEY, ROBERT LEE JOHNSON, JR., PEARLEAN KELLEY, JEFFERY P. KELLY, LOUISE KELLY, PAUL KELLY, BENJAMIN B. MONK, JACQULINE DENISE STERLING, JOHN L. STEVENS, TRACY TYSON, JEARLENE WARD, JOHN WARD, LEANN WEBB, INDIVIDUALLY, AND AS NEXT FRIEND OF TY-ASIA L. WEBB, A MINOR, LEROY H. WEBB, JR., INDIVIDUALLY, AND AS NEXT FRIEND OF PHILLIP M. WEBB, A MINOR, LEROY HEARON WEBB, IiI, ROSA M. WHITE, VICTOR WHITE, JR., and EVA MAE WILSON, hereinafter called Plaintiffs, and for their Complaint against ALUMAX, INC., ALUMAX ALUMINUM CORPORATION, AND ALCOA, INC., hereinafter called Defendants, would respectfully show unto the Court as follows, to-wit:

I.

Plaintiffs Toney R. Davis, Chelsa Johnson, Individually, and as next Friend of Jaylon Darden, a Minor, and as next Friend of Tyrian Johnson, a Minor, and as next Friend of India Williams, a Minor, Nathan Wayne Pipkin, Marion Hicks, Jessie Mitchell, Individually, and as next Friend of Kezhanne O. N. Mitchell, a Minor, and as next Friend of Kristoshyah E. Mitchell, a Minor, and as next Friend of Phillip M. Webb, a Minor, Larry G. Blankenship, Janie Mae Duckworth, Roger Duckworth, Linda Berry, Addie Biddle, Individually, and as next Friend of Eva Thomas, a Minor, Horace Biddle, Carolyn Brown, Lawezleon M. Davis, Jean Dedner, Clarence Eason, Searcy Eason, James N. Hughey, Ricky C. Hughey, Robert Lee Johnson, Jr., Pearlean Kelley, Jeffery P. Kelly, Louise Kelly, Paul Kelly, Jacquline Denise Sterling, John L. Stevens, Tracy Tyson, Jearlene Ward, John Ward, Leann Webb, Individually, and as next Friend of Ty-asia L. Webb, a Minor, Leroy H. Webb, Jr., Individually, and as next Friend of Phillip M. Webb, a Minor, Leroy Hearon Webb, III, Rosa M. White, Victor White, Jr., and Eva Mae Wilson, are all residents of Stamps, Lafayette County, Arkansas; Plaintiff John Breakfield  is a resident of Lewisville, Lafayette County, Arkansas; Plaintiff Latasha Harper is a resident of Garland, Miller County, Arkansas; and Plaintiff Benjamin B. Monk is a resident of Magnolia, Columbia County, Arkansas. Defendant, Alumax, Inc., is a Texas corporation whose agent for service is C. T. Corporation System, 350 N. St. Paul Street, Dallas, Texas  75201.  Defendant, Alumax Aluminum Corporation, is a Texas corporation whose agent for service is C. T. Corporation System, 350 N. St. Paul Street, Dallas, Texas  75201.  Defendant, Alcoa, Inc., is a Pittsburgh corporation which is doing business in the State of Texas and whose agent is C. T. Corporation System, 350 N. St. Paul Street, Dallas, Texas  75201.  On information

and belief, Plaintiffs contend that Alcoa, Inc., also known as Aluminum Company of America, has purchased or merged with Alumax Aluminum Corporation and Alumax, Inc., which Texas corporations have become wholly owned subsidiaries of Aluminum Company of America or Alcoa, Inc.

II.

Jurisdiction is founded on diversity of citizenship and the amount in controversy which exclusive of interest and costs exceeds the sum of $75,000.00 as to each Plaintiff.

III.

## FACTS

Plaintiffs Toney R. Davis, Chelsa Johnson, Individually, and as next Friend of Jaylon Darden, a Minor, and as next Friend of Tyrian Johnson, a Minor, and as next Friend of India Williams, a Minor, Nathan Wayne Pipkin, Marion Hicks, Jessie Mitchell, Individually, and as next Friend of Kezhanne O. N. Mitchell, a Minor, and as next Friend of Kristoshyah E. Mitchell, a Minor, and as next Friend of Phillip M. Webb, a Minor, Larry G. Blankenship, Janie Mae Duckworth, Roger Duckworth, Linda Berry, Addie Biddle, Individually, and as next Friend of Eva Thomas, a Minor, Horace Biddle, Carolyn Brown, Lawezleon M. Davis, Jean Dedner, Clarence Eason, Searcy Eason, James N. Hughey, Ricky C. Hughey, Robert Lee Johnson, Jr., Pearlean Kelley, Jeffery P. Kelly, Louise Kelly, Paul Kelly, Jacquline Denise Sterling, John L. Stevens, Tracy Tyson, Jearlene Ward, John Ward, Leann Webb, Individually, and as next Friend of Ty-asia L. Webb, a Minor, Leroy H. Webb, Jr., Individually, and as next Friend of Phillip M. Webb, a Minor, Leroy Hearon Webb, III, Rosa M. White, Victor White, Jr., and Eva Mae Wilson are residents of the city of Stamps, Lafayette County, Arkansas, and in fact their residences are immediately adjacent to or

-7-

within proximity of a company known as Red River Aluminum; Plaintiffs John Breakfield and Benjamin B. Monk work or have worked in the neighborhood in and around Stamps, Lafayette County, Arkansas; and Plaintiff Latasha Harper is a former resident of Stamps, Lafayette County, Arkansas. Red River Aluminum has purported to dispose of hazardous waste generated by Defendants at Defendants' plant in Nash, Bowie County, Texas. Plaintiffs until recently were wholly unaware that Red River Aluminum was transporting to their neighborhood hazardous waste generated by Defendants. Plaintiffs were unaware that Red River Aluminum was in the purported business of disposing of hazardous waste at its plant in their neighborhood. In fact, Plaintiffs have learned in the last several weeks that Red River Aluminum was not in fact disposing of hazardous waste but rather was storing hazardous waste in their neighborhood.

IV.

For some period of time, Plaintiffs have noticed that their properties adjacent to Red River Aluminum have sustained mysterious damages including complete defoliation of their yards and massive loss of life of pets, livestock and wildlife. During this same period of time, Plaintiffs have suffered numerous and sundry physical ailments of unknown origin.

V.

In the last few weeks, Plaintiffs have learned that their neighborhood, yards, homes and bodies have been invaded by hazardous toxins from the hazardous waste stored in the Red River Aluminum plant in their neighborhood. They have further learned that the hazardous wastes are the byproducts of the activities of Defendants in Nash, Bowie County, Texas. Defendants, rather than keeping their hazardous waste or disposing of it properly, have foisted it off on an insolvent third party who has deposited the waste into

-8-

Plaintiffs' neighborhood. The hazardous substances stored on the premises of Red River Aluminum have escaped those premises through run-off during rain, circulation through the air by the wind and leaching into the soil of Plaintiffs' properties. Additionally, some of the Plaintiffs have worked on the premises of Red River Aluminum where they sustained an invasion of their bodies by the toxic substances through dermal contact and through breathing the fumes produced by the toxic substances. The toxic substances may well have entered the ground water of Plaintiffs where Plaintiffs may have ingested toxic substances. Consequently, Plaintiffs now know the source and cause of the physical ailments, diseases and injuries from which they now suffer. That cause is the toxic waste generated by Defendants which Defendants allow to be transported to Stamps, Arkansas, and which Defendants did not dispose of properly or safely.

VI.

## COUNT I - STRICT LIABILITY

Defendants are strictly liable to Plaintiffs for generating and placing into the stream of commerce hazardous waste as described above. The hazardous waste was unreasonably dangerous when generated and Defendants were required to dispose of same without endangering Plaintiffs. The exposure to the unreasonably dangerous products generated by Defendants was a producing cause of injuries to Plaintiffs.

VII.

## COUNT II - SECTION 520 RESTATEMENT TORTS 2D

Defendants generated toxic waste which was ultra-hazardous and as a consequence thereof, Defendants were required to use the highest degree of care to

-9-

prevent exposure of persons to said toxic waste. The Defendants failed to exercise the highest degree of care and said failure was a proximate cause of the injuries sustained by Plaintiffs and the resulting damages of Plaintiffs.

VIII.

## COUNT III - NEGLIGENCE

At all times mentioned in this Complaint, the Defendants knew or in the exercise of reasonable care should have known that the toxic waste generated by their processes was of such nature that if it was not properly disposed of, and if instructions and information were not given to the persons exposed to said toxic waste, that said toxic waste would cause serious physical harm to those persons who were exposed to the Defendants' poison. The Defendants so negligently and carelessly generated the toxic waste and so negligently and carelessly disposed of same that they breached their duties to Plaintiffs. The breach of said duties was negligence which was a proximate cause of the injuries and resulting damages of Plaintiffs.

IX.

## GROSS NEGLIGENCE

Plaintiffs will further show that Defendants' disregard of Plaintiffs' basic human rights to live, raise their families and work without being poisoned by Defendants' toxic refuse was undertaken wantonly, willfully and with the knowledge that unless those toxic waste were disposed of properly, serious injuries and deaths would occur. For that conduct, Defendants should be required to respond in punitive damages in such a sum as

determined by a jury that will prevent not only these Defendants but all others similarly situated from committing such egregious conduct in the future.

## X.

## DAMAGES

Plaintiffs do not have the medical training necessary to describe their injuries in specific medical terminology, but state that they have sustained pulmonary injuries, neurologic injuries and dermal injuries.  Further, Plaintiffs have reasonable fear that their exposure to the toxic waste generated by the Defendants may well result in long term injuries such as cancer, liver failure and other systemic injuries.  Further, many of the Plaintiffs have sustained substantial property damage to their homes, which may well become uninhabitable.  By reason of the foregoing, Plaintiffs assert that each of them is entitled to reasonable compensation for their damages resulting from the conduct of Defendants and that such compensation will necessarily exceed as to each of them the sum of $75,000.00.

## XI.

Plaintiffs would further show that they are entitled to recover interest on the damages awarded by the jury.

PREMISES CONSIDERED, Plaintiffs pray that Defendants be summonsed to appear and answer herein, and that upon final trial hereof they recover their actual damages, interest, cost, punitive damages, and all other proper relief.

Respectfully submitted,

E. Ben Franks
Texas State Bar No. 07384500
LAW OFFICES OF E. BEN FRANKS
8 Woodmont Crossing
Texarkana, Texas 75503
903/792-3215
Telecopier: 903/792-4531

WILLIAM F. MAGEE
Texas State Bar No. 12816050
LAW OFFICES OF WILLIAM F. MAGEE
215 Spruce Street
Lewisville, Arkansas 71845
(870) 921-5000 Telephone
(870) 921-4503 Telecopier

ATTORNEYS FOR PLAINTIFFS