# ORIGINAL

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| TONEY R. DAVIS, | § | |
| | § | |
| and | § | |
| | § | |
| CHELSA JOHNSON, INDIVIDUALLY, | § | |
| AND AS NEXT FRIEND OF JAYLON | § | |
| DARDEN, A MINOR, AND AS NEXT | § | |
| FRIEND OF TYRIAN JOHNSON, A | § | |
| MINOR, AND AS NEXT FRIEND OF | § | |
| INDIA WILLIAMS, A MINOR, | § | |
| | § | |
| and | § | CAUSE NO. 5:00cv237 |
| | § | |
| MARION HICKS | § | |
| | § | PLAINTIFFS' AMENDED COMPLAINT |
| and | § | |
| | § | |
| JESSIE MITCHELL, INDIVIDUALLY, | § | |
| AND AS NEXT FRIEND OF KEZHANNE | § | |
| O. N. MITCHELL, A MINOR, AND AS | § | |
| NEXT FRIEND OF KRISTOSHYAH E. | § | |
| MITCHELL, A MINOR, AND AS NEXT | § | |
| FRIEND OF PHILLIP M. WEBB, A | § | |
| MINOR, | § | |
| | § | |
| and | § | |
| | § | |
| LARRY G. BLANKENSHIP, | § | |
| | § | |
| and | § | |
| | § | |
| JANIE MAE DUCKWORTH, | § | |
| | § | |
| and | § | |
| | § | |
| ROGER DUCKWORTH, | § | |
| | § | |
| and | § | |
| | § | |
| LINDA BERRY, | § | |
| | § | |
| and | § | |



and                                              §
                                                 §
MARK GOODNER,                                    §
                                                 §
and                                              §
                                                 §
CLINT GORE,                                      §
                                                 §
and                                              §
                                                 §
CHARLES RAY GRISSOM,                             §
                                                 §
and                                              §
                                                 §
BOBBY G. HAMILTON,                               §
                                                 §
and                                              §
                                                 §
BILLY HARRIS,                                    §
                                                 §
and                                              §
                                                 §
CHRISTOPHER HARRIS,                              §
                                                 §
and                                              §
                                                 §
L. D. HAYNES,                                    §
                                                 §
and                                              §
                                                 §
JOHN HENDRICKS,                                  §
                                                 §
and                                              §
                                                 §
J. LYNN HICKS,                                   §
                                                 §
and                                              §
                                                 §
ROY S. HICKS, II,                                §
                                                 §
and                                              §
                                                 §
DARUIS HOWELL,                                   §
                                                 §
and                                              §

-7-

PEARLINE HUGHEY,

and

DALE JACOBS,

and

ARLESTER JOHNSON,

and

CHARLES R. JOHNSON,

and

HUBERT J. JOHNSON,

and

JAMES OTIS JOHNSON, JR.,

and

LOUIS JOHNSON,

and

BOBBY JO JONES,

and

BRUCE JONES,

and

MARY L. JONES,

and

WILLIE T. JONES,

and

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

OLLIE MACK,

and

ROSETTA MACK, INDIVIDUALLY,
AND AS NEXT FRIEND OF RONESHA
MACK, A MINOR,

and

JOHN MALLORY,

and

MICHAEL MARTIN,

and

WILLIAM MASSEY,

and

WILLIAM McNEIL,

and

PAUL MESSER,

and

ROBERT L. MORGAN,

and

RALPH NUTT,

and

BOBBY RAY PARKER,

and

DAVID RAY PICKETT,

and

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

PAUL REVELS,

and

PEARLIE MAE REVELS,

and

ROSALAND REVELS,

and

DONALD GENE ROSS, II,

and

JERRY SATTERWHITE,

and

DARYLE STORY SHAW,

and

CHRIS SIMS,

and

ANNIE SMITH,

and

GLADYS SMITH AS NEXT FRIEND
OF LAYLA SMITH, A MINOR,

and

KENNETH SMITH,

and

WILLIAM O. STERLING,

and

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

EDDIE THIRDGILL,

and

JOHN TOUCHSTONE,

and

CALVON TURNER,

and

CHRISTINA TURNER,

and

EUGENIA L. WALKER, INDIVIDUALLY,
AND AS NEXT FRIEND OF JARROD L.
WALKER, A MINOR,

and

CALVIN WARD,

and

JIM WARD,

and

FRANK WHITE,

and

LULA MAE WHITE,

and

ROSCOE WHITE,

and

MARY WHITFIELD,

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

-11-

and                                              §
                                                 §
DONNIE WHITLEY,                                  §
                                                 §
and                                              §
                                                 §
SHERRY M. WISE,                                  §
                                                 §
and                                              §
                                                 §
RUSSELL WRIGHT,                                  §
                                                 §
and                                              §
                                                 §
MONTE D. YOUNG,                                  §
                                                 §
        PLAINTIFFS,                              §
                                                 §
vs.                                              §
                                                 §
ALUMAX, INC., ALUMAX                             §
ALUMINUM CORPORATION,                            §
and ALCOA, INC.,                                 §
                                                 §
        DEFENDANTS.                              §

## PLAINTIFFS' AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW the Plaintiffs, and for their Amended Complaint against ALUMAX, INC., ALUMAX ALUMINUM CORPORATION, and ALCOA, INC., hereinafter called Defendants, would respectfully show unto the Court as follows, to-wit:

I.

Plaintiffs Toney R. Davis, Chelsa Johnson, Individually, and as next Friend of Jaylon Darden, a Minor, and as next Friend of Tyrian Johnson, a Minor, and as next Friend of India Williams, a Minor, Marion Hicks, Jessie Mitchell, Individually, and as next Friend of

-12-

Kezhanne O. N. Mitchell, a Minor, and as next Friend of Kristoshyah E. Mitchell, a Minor, and as next Friend of Phillip M. Webb, a Minor, Larry G. Blankenship, Janie Mae Duckworth, Roger Duckworth, Linda Berry, Addie Biddle, Individually, and as next Friend of Eva Thomas, a Minor, Horace Biddle, Carolyn Brown, Lawezleon M. Davis, Jean Dedner, Clarence Eason, Searcy Eason, James N. Hughey, Ricky C. Hughey, Robert Lee Johnson, Jr., Pearlean Kelley, Jeffery P. Kelly, Louise Kelly, Paul Kelly, Jacquline Denise Sterling, John L. Stevens, Tracy Tyson, Jearlene Ward, John Ward, Leann Webb, Individually, and as next Friend of Ty-asia L. Webb, a Minor, Leroy H. Webb, Jr., Individually, and as next Friend of Phillip M. Webb, a Minor, Leroy Hearon Webb, III, Rosa M. White, Victor White, Jr., Eva Mae Wilson, Della M. Adams, Marshal Asberry, Barbara Ann Bishop, Individually, and as next Friend of Jaime J. Hayes, a Minor, Mattie Bradford, Ricky Lynn Brazell, Bridget R. Brown, Nathaniel Caldwell, Larry Cummings, Jewel Cupples, Artie Ellis, Carolyn Fuller, Burnis L. Gilkey, Fred Gillard, Billy Harris, L. D. Haynes, J. Lynn Hicks, Pearline Hughey, Arlester Johnson, Hubert J. Johnson, James Otis Johnson, Jr., Louis Johnson, Willie T. Jones, Ollie Mack, Rosetta Mack, Individually, and as next Friend of Ronesha Mack, a Minor, Robert L. Morgan, Paul Revels, Pearlie Mae Revels, Jerry Satterwhite, Daryle Story Shaw, Chris Sims, Annie Smith, Gladys Smith as next Friend of Layla Smith, a Minor, Eugenia L. Walker, Individually, and as next Friend of Jarrod L. Walker, a Minor, Calvin Ward, Jim Ward, Frank White, Lula Mae White, Roscoe White, Mary Whitfield, and Sherry M. Wise, are all residents of Stamps, Lafayette County, Arkansas; Plaintiffs John Breakfield, Alice Marie Anderson, Christopher Curtis Conlin, Mark R. Goodner, Bobby G. Hamilton, Christopher Harris, Bobby Jo Jones, Bruce Jones, Mary L. Jones, William McNeil, Ralph Nutt, Bobby Ray Parker, Donald Gene Ross, II,

-13-

William Otis Sterling, Calvon Turner, Christina Turner, Donnie Whitley and Russell Wight, are residents of Lewisville, Lafayette County, Arkansas; Plaintiff Latasha Harper is a resident of Garland, Miller County, Arkansas; Plaintiffs Benjamin B. Monk, Daruis Howell, John Mallory and William Massey, are residents of Magnolia, Columbia County, Arkansas; Plaintiffs Lea Ann Collier, Kenneth D. Garland, Raymond Garland, Dale Jacobs and Charles R. Johnson are residents of Buckner, Lafayette County, Arkansas; Plaintiffs Paul Messer and Eddie Thirdgill are residents of Bradley, Lafayette County, Arkansas; Plaintiffs Gordon M. Fish, David Ray Pickett and John Touchstone are residents of Taylor, Lafayette County, Arkansas; Plaintiff Darrell Fournoy is a resident of Stephens, Ouachita County, Arkansas; Plaintiffs Kenneth Bridges, Ronnie Franklin, Michael Martin, Kenneth Smith and Monte D. Young are residents of Waldo, Columbia County, Arkansas; Plaintiff Clint Gore is a resident of Ashdown, Little River County, Arkansas; Plaintiff Roy S. Hicks, II, is a resident of Hot Springs, Garland County, Arkansas; Plaintiffs Marsha D. Ashberry and Charles Ray Grissom are residents of Texarkana, Miller County, Arkansas; Plaintiff Kelly Bascue, Individually, and as Next Friend of Rachel Bascue, a Minor, is a resident of Forrest City, St. Francis County, Arkansas; Plaintiff Bradley C. Goodner is a resident of Ft. Sam Houston, Texas; Plaintiffs Rebecca Easter and Rosaland Revels are residents of Irving, Texas; and Plaintiff John Hendricks is a resident of Shongaloo, Louisiana.

Defendant, Alumax, Inc., is a Delaware corporation with its principal place of business in a state other than Texas, Arkansas or Louisiana.  Defendant, Alumax Aluminum Corporation, is a Delaware corporation with its principal place of business in a state other than Texas, Arkansas or Louisiana. Defendant, Alcoa, Inc., is a Pennsylvania corporation with its principal place of business in a state other than Texas, Arkansas or

Louisiana. On information and belief, Plaintiffs contend that Alcoa, Inc., also known as Aluminum Company of America, has purchased or merged with Alumax Aluminum Corporation and Alumax, Inc., which Texas corporations have become wholly owned subsidiaries of Aluminum Company of America or Alcoa, Inc.

II.

Jurisdiction is founded on diversity of citizenship and the amount in controversy which exclusive of interest and costs exceeds the sum of $75,000.00 as to each Plaintiff. Jurisdiction is also conferred pursuant to a federal question under CERCLA, 42 U.S.C.A. § 9613(b).

III.

## FACTS

Plaintiffs Toney R. Davis, Chelsa Johnson, Individually, and as next Friend of Jaylon Darden, a Minor, and as next Friend of Tyrian Johnson, a Minor, and as next Friend of India Williams, a Minor, Marion Hicks, Jessie Mitchell, Individually, and as next Friend of Kezhanne O. N. Mitchell, a Minor, and as next Friend of Kristoshyah E. Mitchell, a Minor, and as next Friend of Phillip M. Webb, a Minor, Larry G. Blankenship, Janie Mae Duckworth, Roger Duckworth, Linda Berry, Addie Biddle, Individually, and as next Friend of Eva Thomas, a Minor, Horace Biddle, Carolyn Brown, Lawezleon M. Davis, Jean Dedner, Clarence Eason, Searcy Eason, James N. Hughey, Ricky C. Hughey, Robert Lee Johnson, Jr., Pearlean Kelley, Jeffery P. Kelly, Louise Kelly, Paul Kelly, Jacquline Denise Sterling, John L. Stevens, Tracy Tyson, Jearlene Ward, John Ward, Leann Webb, Individually, and as next Friend of Ty-asia L. Webb, a Minor, Leroy H. Webb, Jr., Individually, and as next Friend of Phillip M. Webb, a Minor, Leroy Hearon Webb, III, Rosa

-15-

M. White, Victor White, Jr., Eva Mae Wilson, Della M. Adams, Marshal Asberry, Barbara Ann Bishop, Individually, and as next Friend of Jaime J. Hayes, a Minor, Mattie Bradford, Ricky Lynn Brazell, Bridget R. Brown, Nathaniel Caldwell, Larry Cummings, Jewel Cupples, Artie Ellis, Carolyn Fuller, Fred Gillard, Billy Harris, L. D. Haynes, J. Lynn Hicks, Pearline Hughey, Arlester Johnson, Hubert J. Johnson, James Otis Johnson, Jr., Louis Johnson, Willie T. Jones, Ollie Mack, Rosetta Mack, Individually, and as next Friend of Ronesha Mack, a Minor, Robert L. Morgan, Paul Revels, Pearlie Mae Revels, Jerry Satterwhite, Daryle Story Shaw, Chris Sims, Annie Smith, Gladys Smith as next Friend of Layla Smith, a Minor, Eugenia L. Walker, Individually, and as next Friend of Jarrod L. Walker, a Minor, Calvin Ward, Jim Ward, Frank White, Lula Mae White, Roscoe White, Mary Whitfield, and Sherry M. Wise, are residents of the city of Stamps, Lafayette County, Arkansas, and in fact their residences are immediately adjacent to or within proximity of a company known as Red River Aluminum; Plaintiffs John Breakfield, Alice Marie Anderson, Kelly Bascue, Kenneth Bridges, Lea Ann Collier, Christopher Curtis Conlin, Gordon M. Fish, Ronnie Franklin, Kenneth D. Garland, Raymond Garland, Burnis L. Gilkey, Bradley C. Goodner, Mark R. Goodner, Clint Gore, Charles Ray Grissom, Bobby G. Hamilton, Christopher Harris, John Hendricks, Roy S. Hicks, II, Daruis Howell, Charles R. Johnson, Bruce Jones, John Mallory, Michael Martin, William Massey, William McNeil, Paul Messer, Benjamin B. Monk, Ralph Nutt, Bobby Ray Parker, David Ray Pickett, Donald Gene Ross, II, Kenneth Smith, Eddie Thirdgill, John Touchstone, Calvon Turner, Russell Wright and Monte D. Young work or have worked at Red River Aluminum and/or in the neighborhood in and around Stamps, Lafayette County, Arkansas; and Plaintiffs Marsha D. Ashberry, Rebecca Easter, Darrell Fournoy, Bobby G. Hamilton, Latasha Harper, Dale Jacobs, Bobby Jo

-16-

Jones, Mary L. Jones, Rosaland Revels, William Otis Sterling, Christina Turner and Donnie Whitley are former residents of Stamps, Lafayette County, Arkansas. Red River Aluminum has purported to dispose of hazardous waste generated by Defendants at Defendants' plant in Nash, Bowie County, Texas. Plaintiffs until recently were wholly unaware that Red River Aluminum was transporting to their neighborhood hazardous waste generated by Defendants. Plaintiffs were unaware that Red River Aluminum was in the purported business of disposing of hazardous waste at its plant in their neighborhood. In fact, Plaintiffs have learned in the last several weeks that Red River Aluminum was not in fact disposing of hazardous waste but rather was storing hazardous waste in their neighborhood.

IV.

For some period of time, Plaintiffs had noticed that their properties adjacent to Red River Aluminum had sustained mysterious damages including complete defoliation of their yards and massive loss of life of pets, livestock and wildlife. During this same period of time, Plaintiffs suffered numerous and sundry physical ailments of unknown origin.

V.

Recently Plaintiffs have learned that their neighborhood, yards, homes and bodies have been invaded by hazardous toxins from the hazardous waste stored in the Red River Aluminum plant in their neighborhood. They have further learned that the hazardous wastes are the byproducts of the activities of Defendants in Nash, Bowie County, Texas. Defendants, rather than keeping their hazardous waste or disposing of it properly, have foisted it off on an insolvent third party who has deposited the waste into Plaintiffs' neighborhood. The hazardous substances stored on the premises of Red River Aluminum

-17-

have escaped those premises through run-off during rain, circulation through the air by the wind and leaching into the soil of Plaintiffs' properties.  Additionally, some of the Plaintiffs have worked on the premises of Red River Aluminum where they sustained an invasion of their bodies by the toxic substances through dermal contact and through breathing the fumes produced by the toxic substances.  The toxic substances may well have entered the ground water of Plaintiffs from which Plaintiffs may have ingested toxic substances.  Consequently, Plaintiffs now know the source and cause of the physical ailments, diseases and injuries from which they now suffer.  That cause is the toxic waste generated by Defendants which Defendants allowed to be transported to Stamps, Arkansas, and which Defendants did not dispose of properly or safely.

VI.

## COUNT I - STRICT LIABILITY

Plaintiffs reallege and incorporate herein by reference each and every allegation set forth above.

Defendants are strictly liable to Plaintiffs for generating and placing into the stream of commerce hazardous waste as described above.  The hazardous waste was unreasonably dangerous when generated and Defendants were required to dispose of same without endangering Plaintiffs.  The exposure to the unreasonably dangerous products generated by Defendants was a producing cause of injuries to Plaintiffs.

VII.

## COUNT II - SECTION 520 RESTATEMENT TORTS 2D

Plaintiffs reallege and incorporate herein by reference each and every allegation set forth above.

Defendants generated toxic waste which was ultra-hazardous and as a consequence thereof, Defendants were required to use the highest degree of care to prevent exposure of persons to said toxic waste.  The Defendants failed to exercise the highest degree of care and said failure was a proximate cause of the injuries sustained by Plaintiffs and the resulting damages of Plaintiffs.

VIII.

## COUNT III - NEGLIGENCE

Plaintiffs reallege and incorporate herein by reference each and every allegation set forth above.

At all times mentioned in this Complaint, the Defendants knew or in the exercise of reasonable care should have known that the toxic waste generated by their processes was of such nature that if it was not properly disposed of, and if instructions and information were not given to the persons exposed to said toxic waste, that said toxic waste would cause serious physical harm to those persons who were exposed to the Defendants' poison.  The Defendants so negligently and carelessly generated the toxic waste and so negligently and carelessly disposed of same that they breached their duties to Plaintiffs. The breach of said duties was negligence which was a proximate cause of the injuries and resulting damages of Plaintiffs.

-19-

IX.

## COUNT IV - ALLEGATION OF JURISDICTION AND
## CERCLA CAUSE OF ACTION

Plaintiffs reallege and incorporate herein by reference each and every allegation set forth above.

Plaintiffs have standing to sue pursuant to unequivocal federal authority, including the Comprehensive Environmental Response, Compensation and Liability Act of 1980 (CERCLA), 42 U.S.C.A. §§ 9601-9675, as amended by the Superfund Amendments and Reauthorization Act of 1986 (SARA). Plaintiffs hereafter allege a federal question that is both ripe and appropriate for this Court's determination. This action arises under CERCLA and SARA, as more fully set forth herein. Pursuant to 42 U.S.C.A. § 9613(b), this Court has exclusive original jurisdiction over this controversy.

Section 9607(a) assigns CERCLA liability for any necessary costs of response incurred by any persons as the result of a release or threatened release of hazardous or toxic substances by persons defined as liable under § 9607. There have been releases, as that term is defined at 42 U.S.C.A. § 9601(22), of hazardous and toxic substances at the Red River Aluminum facility. Plaintiffs contend that Defendant is a "covered person," and therefore liable, within the meaning of 42 U.S.C.A. § 9607 for the reason that the Defendant is or was an arranger or generator of hazardous substances.

The Red River Aluminum Plant is a "facility" as that term is defined in 42 U.S.C.A. § 9601(9).

Furthermore, Plaintiffs are persons who have incurred and will incur response costs that are both necessary and consistent with the national contingency plan. These

-20-

necessary costs include, but are not limited to, costs of medical testing and monitoring, relocation costs, investigatory costs, replacing contaminated drinking water, attorney's fees and prejudgment interest.  Consequently, by authority of 42 U.S.C.A. § 9607, Plaintiffs bring this action for money damages.

X.

## COUNT V - TOXIC ASSAULT AND BATTERY

Plaintiffs reallege and incorporate herein by reference each and every allegation set forth above.

Insofar as Plaintiffs have been exposed to the hazardous waste of Defendants by ingestion and coming into contact with same, such ingestion and contact constitutes a toxic assault and battery in that Defendants caused Plaintiffs, without their consent, to be personally contaminated and contacted by highly toxic and poisonous chemicals and toxic substances.  Such assault and battery have proximately caused the injuries and resulting damages of Plaintiffs.

XI.

## COUNT VI - TOXIC TRESPASS

Plaintiffs reallege and incorporate herein by reference each and every allegation set forth above.

Defendants' conduct constitutes a repeated toxic trespass.  It constitutes an unpermitted intrusion by toxic substances onto Plaintiffs' property and persons as described above.  Such trespasses have proximately caused the injuries and resulting damages of Plaintiffs.

-21-

XII.

## DISCOVERY RULE AND FRAUDULENT CONCEALMENT

Plaintiffs hereby affirmatively plead the discovery rule as that legal principle is applied and understood under the laws of the State of Texas, in response to any claim by any Defendant that any of Plaintiffs' causes of action are barred by any statute of limitations. Plaintiffs further plead that all actions are timely pleaded in that they were recently discovered. Further, the above-named Defendants fraudulently concealed their negligence and wrongful acts and omissions and the dangers emanating therefrom from the Plaintiffs and have engaged in a deceptive and fraudulent public relations campaign. Defendants' conduct constitutes fraudulent concealment and nondisclosure as that term has meaning under Texas law.

XIII.

## DAMAGES

Plaintiffs do not have the medical training necessary to describe their injuries in specific medical terminology, but state that they have sustained pulmonary injuries, neurologic injuries and dermal injuries. Further, Plaintiffs have reasonable fear that their exposure to the toxic waste generated by the Defendants may well result in long term injuries such as cancer, liver failure and other systemic injuries. Further, many of the Plaintiffs have sustained substantial property damage to their homes, which may well become uninhabitable. By reason of the foregoing, Plaintiffs assert that each of them is entitled to reasonable compensation for their damages resulting from the conduct of

Defendants and that such compensation will necessarily exceed as to each of them the sum of $75,000.00.

XIV.

## GROSS NEGLIGENCE

Plaintiffs reallege and incorporate herein by reference each and every allegation set forth above.

The conduct of the Defendants was grossly negligent in that, *inter alia*, they acted recklessly and with conscious indifference to the health and property rights of Plaintiffs and other persons living in the neighborhood. As set out elsewhere in this complaint, Defendants knew of should have known that the dangerous substances released would diffuse into the environment. Moreover, although Defendants knew of the toxic effects of these substances on people, they failed to warn Plaintiffs or the neighborhood at large. Defendants also deliberately postponed taking any steps to remove the toxic substances from contaminated areas or to otherwise mitigate the consequences caused by their wrongful actions.

Defendants engaged in extreme and outrageous conduct and did so wantonly, recklessly, and/or in total disregard of the Plaintiffs' rights and feelings and/or intentionally to cause emotional distress. By their complained of pattern of actions and inactions, Defendants recklessly, wantonly, and/or intentionally abused their positions of power and discretion over and to affect the rights and interests of the Plaintiffs. Defendants' conduct was outrageous and shocking to the public conscience and directly resulted in severe emotional and psychological injury to the Plaintiffs, which injury was wantonly, recklessly, and/or intentionally inflicted as more particularly alleged above.

-23-

The wrong done by Defendants was aggravated by that kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages. The Defendants' conduct was intentional, willful, wanton, and without justification or excuse, and Defendants acted with gross indifference to the rights of Plaintiffs. Alternatively or additionally, Defendants' action involved such entire want of care as could only have resulted from actual conscious indifference to the rights, safety, or welfare of Plaintiffs.

Plaintiffs will further show that Defendants' disregard of Plaintiffs' basic human rights to live, raise their families and work without being poisoned by Defendants' toxic refuse was undertaken wantonly, willfully and with the knowledge that unless those toxic waste were disposed of properly, serious injuries and deaths would occur.

For the above conduct, Defendants should be required to respond in punitive damages in such a sum as determined by a jury that will prevent not only these Defendants but all others similarly situated from committing such egregious conduct in the future, which punitive damages will necessarily exceed the minimum jurisdictional limits of this Court.

XV.

Plaintiffs would further show that they are entitled to recover interest on the damages awarded by the jury.

PREMISES CONSIDERED, Plaintiffs pray that Defendants be summonsed to appear and answer herein, and that upon final trial hereof Plaintiffs receive all remedies to which they may show themselves entitled, including actual, special and consequential damages, attorneys' fees, interest, punitive damages, costs of court and all other proper relief.

-24-

Respectfully submitted,

E. Ben Franks
LAW OFFICES OF E. BEN FRANKS
8 Woodmont Crossing
Texarkana, Texas 75503
903/792-3215
Telecopier: 903/792-4531

WILLIAM F. MAGEE
LAW OFFICES OF WILLIAM F. MAGEE
215 Spruce Street
Lewisville, Arkansas  71845-1025
(870) 921-5000 Telephone
(870) 921-4503 Telecopier

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

A true and correct copy of the above and foregoing Amended Complaint has been provided to the following attorneys of record this ___th day of ___May_____, 2001:

Mr. William V. Conley
LeBOEUF, LAMB, GREENE
  & MACRAE, L.L.P.
One Gateway Center
420 Fort Duquesne Boulevard, Suite 1600
Pittsburgh, Pennsylvania  15222-1437

Ms. Jennifer Haltom Doan
PATTON, HALTOM, ROBERTS,
  McWILLIAMS & GREER, L.L.P.
Century Bank Plaza, Suite 400
2900 St. Michael Drive
Texarkana, Texas  75505-6128

E. Ben Franks

-25-

ADDIE BIDDLE, INDIVIDUALLY,
AND AS NEXT FRIEND OF EVA
THOMAS, A MINOR,

and

HORACE BIDDLE,

and

JOHN BREAKFIELD,

and

CAROLYN BROWN,

and

LAWEZLEON M. DAVIS,

and

JEAN DEDNER,

and

CLARENCE EASON,

and

SEARCY EASON,

and

LATASHA HARPER,

and

JAMES N. HUGHEY,

and

RICKY C. HUGHEY,

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

-2-

and

ROBERT LEE JOHNSON, JR.,

and

PEARLEAN KELLEY,

and

JEFFERY P. KELLY,

and

LOUISE KELLY,

and

PAUL KELLY,

and

BENJAMIN B. MONK,

and

JACQULINE DENISE STERLING,

and

JOHN L. STEVENS,

and

TRACY TYSON,

and

JEARLENE WARD,

and

JOHN WARD,

and

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

-3-

LEANN WEBB, INDIVIDUALLY,
AND AS NEXT FRIEND OF
TY-ASIA L. WEBB, A MINOR,

and

LEROY H. WEBB, JR., INDIVIDUALLY,
AND AS NEXT FRIEND OF PHILLIP
M. WEBB, A MINOR,

and

LEROY HEARON WEBB, III,

and

ROSA M. WHITE,

and

VICTOR WHITE, JR.,

and

EVA MAE WILSON,

and

DELLA M. ADAMS,

and

ALICE MARIE ANDERSON,

and

MARSHAL ASBERRY,

and

MARSHA D. ASHBERRY,

and

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

-4-

KELLY BASCUE, INDIVIDUALLY,                §
AND AS NEXT FRIEND OF                       §
RACHEL BASCUE, A MINOR,                     §
                                            §
and                                         §
                                            §
BARBARA ANN BISHOP, INDIVIDUALLY, §
AND AS NEXT FRIEND OF JAIME                 §
JOSEPH HAYES, A MINOR,                      §
                                            §
and                                         §
                                            §
MATTIE BRADFORD,                            §
                                            §
and                                         §
                                            §
RICKY LYNN BRAZELL,                         §
                                            §
and                                         §
                                            §
KENNETH BRIDGES                             §
                                            §
and                                         §
                                            §
BRIDGET R. BROWN,                           §
                                            §
and                                         §
                                            §
NATHANIEL CALDWELL,                         §
                                            §
and                                         §
                                            §
LEA ANN COLLIER,                            §
                                            §
and                                         §
                                            §
CHRISTOPHER CURTIS CONLIN,                  §
                                            §
and                                         §
                                            §
LARRY CUMMINGS,                             §
                                            §
and                                         §
                                            §
JEWEL CUPPLES,                              §

-5-

and

REBECCA EASTER,

and

ARTIE ELLIS,

and

GORDON M. FISH,

and

DARRELL FOURNOY,

and

RONNIE FRANKLIN,

and

CAROLYN FULLER,

and

KENNETH D. GARLAND,

and

RAYMOND GARLAND,

and

BURNIS L. GILKEY,

and

FRED GILLARD,

and

BRADLEY C. GOODNER,

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

-6-